UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

Jerry L. Ivery
Jacqueline D. Ivery
                                              *

    Plaintiff,                                *

-vs.-                                         *

                                                  No.
Ameriquest Mortgage Company

                                              *

    Defendant.                                *

COMPLAINT FOR DAMAGES AND
PETITION FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGES OF THE FEDERAL DISTRICT COURT

Comes now your Plaintiff and would state and show unto the court as follows:

NATURE OF THE CASE

1. This is an action for damages and equitable relief, arising under the Truth In lending Act 15 U.S.C.§ 1601 et.seq. and Regulation Z which implements the Truth In Lending Act12. C.F.R.§ 226 et.seq. Specifically among others, the Defendant violated these provisions by failing to provide information to the borrower, by providing contradictory and confusing information to the Borrower. Defendant also fraudulently concealed their violations. Additionally, this action includes claims under Federal and Tennessee Law , including without limitation ,

1

the Truth In Lending Act, the Real Estate Settlement Procedures Act, The Tennessee Consumer Protection Act, fraud, negligent representation, breach of fiduciary duty ,breach of contract . All aforementioned acts constitute predatory lending.

## JURISDICTION

2. This action is brought pursuant to the provisions of the Truth In Lending Act 15 U.S.C. §1601 et. Seq. and the Real Estate Settlement Procedures Act 15 U.S.C. §. Jurisdiction is conferred upon this court by 18 U.S.C.§ 1331 with resulting supplemental jurisdiction over Plaintiff's state law claims pursuant to 18 U.S C.§ 1367.

## VENUE

3. Venue is proper in this District pursuant to 18 U.S.C.1391(b) in that Plaintiff and Defendant reside or do business in this District and/or a substantial part if not all of the events or omissions giving rise to the claim occurred in this District.Venue is also proper in this District pursuant to 18 U.S,C.§ 1963(a)  in that all parties reside are found, have an agent and or transact his/her/its affairs in this district. .

## PARTIES

4.Jerry Ivery and Jacqueline Ivery are resident citizens of Memphis, Shelby County, Tennessee.

5. Defendant Ameriquest Mortgage Company  hereinafter(Ameriquest) is a Delaware Corporation authorized to do business in the state of Tennessee  with its principle place of business at 1100 Town & Country Road, Suite 1100 Orange CA. 92060 which may be

2

served with process through its registered agent ' National Registered Agents, Inc. 1900 Church Street Suite 400 Nashville, Tennessee 37203.

## FACTUAL STATEMENT

6. On June 18, 2004 Rev Ivery and Mrs. Ivery attended a closing of a loan to refinance the Real Property municipally known as 1979 South Parkway East in Memphis, Tennessee. on Ameriquest Loan Number 0080872088. Rev. and Mrs. Ivery had been told they would be receiving a fixed rate mortgage loan from Ameriquest. Mr. and Mrs. Ivery never received copies of the documents signed on June 18, 2004. In 2006, Rev.. and Mrs. Ivery were informed their monthly note was increasing because they had an adjustable rate loan. Because of the adjustable rate mortgage,. Mr. and Mrs. Ivery subsequently became delinquent in their payments because of the higher monthly note resulting from the adjustable rate and are now facing the impending foreclosure of their property at 1979 South Parkway. The foreclosure sale is set for 12:00 noon September 14, 2007 on the steps of the Shelby County Courthouse in Memphis Shelby County, Tennessee. Rev. and Mrs. Ivery never received a copy of the documents they signed at closing and they had been informed by representatives of Ameriquest that they were receiving a fixed rate mortgage and not an adjustable rate mortgage. As a result of the deception, they are now facing the loss of their home.

## VIOLATION OF R.E.S.P.A.

7. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint and allege that the Defendant has violated the provisions of the Real Estate Settlement Procedures Act 12 U.S.C.§ 1601 and Regulation x which implements R.E.S.P.A. 24 C.F.R. § 3500

3

## VIOLATION OF THW TENNESSEE CONSUMER PROTECTION ACT

8. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint and allege that in committing the enumerated acts complained of, the Defendant has engaged in fraudulent and/or deceptive business practices / transactions and have thereby violated the provisions of the Tennessee Consumer Protection Act T.C.A. § 47-18-101 et. Seq. resulting in damages to Plaintiffs Mr. . and Mrs. Ivery. .

## FRAUD

9. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint and allege that in committing the enumerated acts complained of, Defendant made false representations of existing or past material facts, that such false representations were made knowingly without belief in their truth or recklessly and that the Iverys reasonably relied upon them and thereby suffered damages as a result of such reliance..

The fraud of the Defendant is evident in the settlement statement and closing documents. The Iverys innocently relied on the misrepresentations and refinanced the property to their detriment.

Had Mr. and Mrs. Ivery known the truth about the terms and conditions of the loan and the adjustable rate provision, they would not have entered into the agreement.

4

## NEGLIGENT MISREPRESENTATION

10. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint and allege that the Defendant had a duty of due care to Mr. and Mrs. Ivery and that the Defendant breached such duty to the Iverys by omitting or misrepresenting material information to the Iverys. The negligent misrepresentation by Defendantt and its agents and representatives was the proximate cause of damages suffered by the Iverys.

11. The Defendant was acting in the course of business or in transactions involving pecuniary interest.

12. The Defendant provided faulty information to the Iverys concerning the nature of the rate of interest on the loan, which information was meant to guide the Iverys through the transaction.

13. The Defendant failed to exercise reasonable care in obtaining and communicating information.

14. Rev. Ivery and Mrs. Ivery justifiably relied on the faulty information from the Defendant and refinanced their home on the basis of that information to their detriment.

## BREACH OF CONTRACT

Plaintiff incorporates by reference the preceding paragraphs of this Complaint and allege that the Defendant had a contractual relationship with the Iverys either directly or implicitly , that Defendant, either directly or through agents breached such contract with the Iverys and that the breach of such contract was the proximate cause of damages suffered by the Iverys.

## BREACH OF DUTY OF GOOD FAITH

Plaintiff incorporates the preceding paragraphs of this Compl;aint and allege that the Defendant had a duty of good faith and fair dealing with the Iverys and that Defendant breached such duty of good faith either directly or through agents.and such breach by Defendant was the proximate cause if damages suffered by the Iverys.

WHEREFORE PREMISES CONSIDERED

1. That process issue and be served upon Ameriquest

2. That this honorable court would issue a restraining order prohibiting the sale of the real property at 1979 South Parkway East pending a hearing and determination of this matter on the merits.

3. After a hearing, enter a permanent injunction enjoining the Defendants from transferring any interest in selling the real property at 1979 South Parkway East .

4. That Plaintiffs be granted a judgment for injunctive relief and monetary damages in the amount to be proven at trial against Defendant.

5. That Plaintiff be awarded treble damages pursuant to the Tennessee Consumer Protection Act .

6. That Plaintiff be awarded actual and statutory damages against the Defendant for violation of the Truth In Lending Act. And Regulation Z.

7. That Plaintiff be awarded actual and treble damages against the Defendant for violations of RESPA and Regulation X.

8. In the alternative to treble damages that punitive damages be awarded in an amount to be proven at trial..

9. All such other and further relief as the court deems appropriate.

    Respectfully Submitted

    /s Paul A. Robinson Jr.

    _____

    Paul A. Robinson Jr. 014464
    35 Union Ave. Ste. 101
    Memphis, Tennessee 38103
    (901) 525-2833

.

.

I hereby affirm that the facts stated in the foregoing Petition are true to the best of my knowledge information and belief.


/s Jerry L. Ivery

_____

Jerry L. Ivery

September 8, 2007

_____

Date


Sworn to and subscribed before me this 8th day of September 2007.

                                                               Vivian J. Flowers

                                                             _____

                                                              Notary Public

                                    May 13, 2009

My Commission Expires:_____

                                         .

/s Jacqueline D. Ivery
_____
Jacqueline D. Ivery

September 8, 2007
_____
Date

Sworn to and subscribed before me this _____ day of September 2007.

                                              Vivian J. Flowers
                                              _____
                                              Notary Public

                        May 13, 2009
My Commission Expires:_____
                                      .


# FIAT

**TO THE CLERK:**

**ISSUE THE TRO/INJUNCTION AS PRAYED FOR IN THE COMPLAINT AND SET THE HEARING FOR A PERMANENT INJUNCTION ON _____2007.**

                                              _____
                                              **JUDGE**

# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jerry Ivery, Jacqueline Ivery

(b) County of Residence of First Listed Plaintiff: **Shelby**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paul Robinson 94 S. Main Memphis, TN. 38103

## DEFENDANTS
Ameriquest Mortgage

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): Aaron Squryes, Wilson & Associates

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☒ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **Truth In Lending Act**
Brief description of cause: **Bank Fraud**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD: /s/ Paul A. Robinson Jr.

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Jerry Ivery et al
v.
Ameriquest Mortgage

J. DANIEL BREEN

Jerry Ivery et al
v.
Ameriquest Mortgage

DIANE K. VESCOVO