IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JERRY L. IVERY AND JACQUELINE D. IVERY,<br><br>    Plaintiffs,<br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   CASE NO. 2:08-CV-02205<br>)<br>)<br>)<br>) |

### DEFENDANT AMERIQUEST MORTGAGE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Ameriquest Mortgage Company ("Ameriquest") answers the identically numbered paragraphs of Plaintiff's Complaint as follows:

1. Ameriquest admits that Plaintiff has filed a lawsuit against it. Ameriquest denies all remaining allegations in Paragraph 1 of the Complaint. Ameriquest specifically denies that it has violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, Federal Reserve Board Regulation Z, 12 C.F.R. part 226, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*, the Tennessee Consumer Protection Act, Tenn. Code Ann. § 41-18-101 *et seq.*, or the common law of Tennessee.

2. Ameriquest admits that the Court has subject matter jurisdiction, but denies that it has violated any of the statutes listed in Paragraph 2 of the Complaint, nor the common law of Tennessee.

3. Ameriquest denies that the Western District of Tennessee is the proper venue for this action.

4. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and on that basis denies such allegations

5. Ameriquest admits the allegations contained in Paragraph 5 of the Complaint.

6. Ameriquest is without sufficient information to admit or deny the allegations contained in the first sentence of Paragraph 6 of the Complaint and on that basis denies such allegations. Ameriquest is without sufficient information to admit or deny whether a foreclosure sale was scheduled to take place on September 14, 2007 and on that basis denies such allegations. Ameriquest admits only that Plaintiffs' loan was subject to an adjustable interest rate. Ameriquest denies the remaining allegations contained in Paragraph 6 of the Complaint and demands strict proof of same.

7. Ameriquest incorporates by reference its Answer to the preceding paragraphs of this Complaint. Ameriquest denies the allegations contained in Paragraph 7 of the Complaint.

8. Ameriquest incorporates by reference its Answer to the preceding paragraphs of this Complaint. Ameriquest denies the allegations contained in Paragraph 8 of the Complaint.

9. Ameriquest incorporates by reference its Answer to the preceding paragraphs of this Complaint. Ameriquest denies the allegations contained in Paragraph 9 of the Complaint.

10. Ameriquest incorporates by reference its Answer to the preceding paragraphs of this Complaint. Ameriquest denies the allegations contained in Paragraph 10 of the Complaint.

11. The allegations contained in Paragraph 11 of the Complaint are so vague and ambiguous that Ameriquest cannot form an answer and defense, and on that basis denies such allegations.

12. Ameriquest denies the allegations contained in Paragraph 12 of the Complaint and demands strict proof of same.

13. The allegations contained in Paragraph 13 of the Complaint contain a legal argument to which no response is required. To the extent that a response is required, the

allegations contained in Paragraph 13 are so vague and ambiguous that Ameriquest cannot form an answer and defense, and on that basis denies such allegations. Ameriquest denies that it made any misrepresentations or omissions with respect to Plaintiffs.

14. Ameriquest denies the allegations contained in Paragraph 14 of the Complaint and demands strict proof of same.

15. Ameriquest incorporates by reference its Answer to the preceding paragraphs of this Complaint. The allegations contained in Paragraph 15 of the Complaint contain legal arguments and conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 15 are so vague and ambiguous that Ameriquest cannot form an answer and defense, and on that basis denies such allegations. Ameriquest denies that it breached any contract with respect to Plaintiffs.

16. Ameriquest incorporates by reference its Answer to the preceding paragraphs of this Complaint. The allegations contained in Paragraph 16 of the Complaint contain legal arguments and conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 16 are so vague and ambiguous that Ameriquest cannot form an answer and defense, and on that basis denies such allegations. Ameriquest denies that it breached any duty with respect to Plaintiffs.

### Prayer for Relief

Answer: In response to Plaintiffs' Prayer for Relief, Ameriquest denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

Further, all allegations in the Complaint not expressly admitted or qualified are denied.

### AFFIRMATIVE DEFENSES

Ameriquest asserts the following affirmative defenses:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiffs' claims are barred by the applicable statutes of limitation.

**THIRD DEFENSE**

Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches, ratification, acquiescence, acceptance and/or waiver.

**FOURTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, or reduced, by set off and/or recoupment.

**SIXTH DEFENSE**

Plaintiffs' claim(s) under the Real Estate Settlement Procedures Act are barred as the violation(s) alleged in the Complaint do not support a private cause of action.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c), the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred because any violation of TILA that occurred was de minimus or technical in nature, and Ameriquest has substantially complied with all applicable statutes and regulations.

## NINTH DEFENSE

Plaintiffs' claims are barred because Ameriquest acted in good faith to conform with all rules, regulations, and interpretations of law relevant to Plaintiffs' loan.

## TENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs were fully informed and completely understood the terms of their credit agreement with Ameriquest.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred because they have no damages that were proximately caused by a Truth-In-Lending Act violation.

## TWELFTH DEFENSE

Plaintiffs' claim for punitive damages is barred by the provisions of 15 U.S.C. § 1681n because at all times Ameriquest acted in a manner that was not willful.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by their breach of contract.

## FOURTEENTH DEFENSE

Plaintiffs' failure to plead their fraud claim(s) under Tennessee common law with requisite specificity bars the claim(s).

## FIFTEENTH DEFENSE

Plaintiffs' failure to plead their claim(s) under the Tennessee Consumer Protection Act, Tenn. Code Ann. § 41-18-101 *et seq*. with requisite specificity bars the claim(s).

## SIXTEENTH DEFENSE

Plaintiffs' claims under the Tennessee Consumer Protection Act are barred because Ameriquest did not engage in any unfair or deceptive act and, moreover, treble damages pursuant

to the Tennessee Consumer Protection Act are not appropriate because Ameriquest did not engage in any unfair or deceptive act knowingly, willfully or otherwise .

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred because Ameriquest did not make any misrepresentations or omissions of fact to Plaintiffs, nor did Plaintiffs justifiably rely on any statements or omissions by Ameriquest.

### EIGHTEENTH DEFENSE

Plaintiffs have failed to mitigate their claimed damages, if any.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred for failure to exercise any diligence.

### TWENTIETH DEFENSE

Ameriquest disputes the nature and extent of the damages claimed by Plaintiffs.

### TWENTY-FIRST DEFENSE

No act or omission of Ameriquest was a proximate cause of any injury to Plaintiffs.

### TWENTY-SECOND DEFENSE

Plaintiffs' claim for punitive damages is barred because at all times Ameriquest acted in good faith, without malice, and without intent to injure Plaintiffs.

### TWENTY-THIRD DEFENSE

Ameriquest avers that an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Tennessee.

### TWENTY-FOURTH DEFENSE

Ameriquest is entitled to recover all reasonable expenses and costs, including attorney's fees, from Plaintiffs as a part of any judgment in this matter.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part, on the ground that if there was a violation of law, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Ameriquest, and any such intervening or superseding action of such parties and/or persons bars Plaintiff's recovery.

### TWENTY-SIXTH DEFENSE

Plaintiffs should be denied any equitable relief sought because they have an adequate remedy at law.

### TWENTY-SEVENTH DEFENSE

Ameriquest alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Ameriquest reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Ameriquest prays for the following relief:

a. That this action be dismissed in its entirety, with prejudice, with all costs taxed against Plaintiffs;

b. That the Court award Ameriquest its attorney's fees and expenses of litigation; and

c. That this Court grant Ameriquest such other and further relief as the Court deems just and equitable in the circumstances.

This the 2nd day of June, 2008.

/s/ Katherine K. Layhew
Katherine Knight Layhew (BPR # 22274)
**BURR & FORMAN LLP**
700 Two American Center
3102 West End Avenue
Nashville, Tennessee 37203
Telephone: (615) 724-3219
Facsimile: (615) 724-3319
E-mail: klayhew@burr.com

*Counsel for Ameriquest Mortgage Company*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2nd, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

Paul A. Robinson, Jr., Esq.,
35 Union Ave. Suite 101
Memphis, Tennessee 38301
(901) 525-2833
*Counsel for Plaintiff*

/s/ Katherine K. Layhew
Katherine Knight Layhew (BPR # 22274)